UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOHN CASCIANI,

                              Plaintiff,                    DECISION AND ORDER

                                                              09-CV-6519L

                              v.

TOWN OF WEBSTER,
RONALD NESBITT,
TOWN BOARD SUPERVISOR
In His Individual and official Capacities,
DONALD HAUZA,
ASSISTANT PUBLIC WORKS COMMISSIONER,
In His Individual Capacity Only,

                              Defendants.
_____

       By motion (Dkt. #59), counsel for plaintiff seeks recusal of this Court, pursuant to 28 U.S.C. § 455(a). There is no basis for the Court to recuse itself and the motion is in all respects denied, at this time.

       The bulk of this case and a prior one, *Casciani v. Nesbitt,* 659 F. Supp.2d 427 (2009), has been dismissed by this Court and the dismissal confirmed by the Second Circuit Court of Appeals. The Second Circuit recently affirmed the Court's dismissal of this case based on *res judicata* grounds but remanded for the limited purpose of considering claims against one defendant, Donald Hauza. There is also a motion pending by defendants for attorney's fees, pursuant to 42 U.S.C. § 1988. The Court has established a briefing schedule for all pending matters.

       Although the Court does know Charles J. Genese, Esq., who is apparently the Webster Town Attorney, that fact does not warrant my disqualification, as plaintiff asserts. Having practiced in this community for over four decades as an attorney and judge, I know many attorneys who practice in federal court. The fact that Mr. Genese and I attended the same college, years apart, over forty years

ago, and belong to the same alumni association, does not warrant disqualification, especially since it is not at all apparent that Mr. Genese will ever be a witness in the case, in light of the very narrow nature of the remand. "Simply put, a 'judge must have neighbors, friends, and acquaintances, business and social relations, and be a part of his day and generation,' but associations do not require recusal." *American Dairy Queen Corp. v. Blume,* No. 11-358, 2012 WL 1005015, at *2 (D. Minn. Mar. 26, 2012) (quoting *Pennsylvania v. Local Union 542,* 388 F.Supp. 155, 157 (E.D.Pa. 1974)).

The fact that this Court has consistently ruled against this plaintiff and found the claims advanced by him and his attorney to be without merit, suggest that may be the true basis for plaintiff's counsel's motion seeking to recuse the Court. This is not a sufficient basis for recusal. *See Gallop v. Cheney,* 645 F.3d 519, 521 (2d Cir. 2011).

## CONCLUSION

Plaintiff's counsel's motion (Dkt. #59) seeking recusal of this Court is in all respects denied.

IT IS SO ORDERED.

                                                              _____
                                                                   DAVID G. LARIMER
                                                              United States District Judge

Dated: Rochester, New York
       December 11, 2012.