UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOHN CASCIANI,

                        Plaintiff,

                                                                               DECISION AND ORDER

                                                                               09-CV-6519L

                v.

TOWN OF WEBSTER,
TOWN BOARD SUPERVISOR RONALD NESBITT,
ASSISTANT PUBLIC WORKS COMMISSIONER
DONALD HAUZA, both in their individual and official
capacities,

                        Defendants.
_____

       Plaintiff John Casciani filed this suit against the Town of Webster, New York ("Town"), and two Town officials, Supervisor Ronald Nesbitt, and Assistant Public Works Commissioner Donald Hauza, pursuant to 42 U.S.C. § 1983, alleging retaliation and selective enforcement of various local laws, in violation of plaintiff's rights under the United States Constitution and New York law. In 2011, this Court granted defendants' motion for judgment on the pleadings on *res judicata* grounds, based on the Court's dismissal of a prior lawsuit by plaintiff arising out of the same core of facts. *See Casciani v. Town of Webster,* 815 F.Supp.2d 616 (W.D.N.Y. 2011); *Casciani v. Nesbitt*, 659 F.Supp.2d 427 (W.D.N.Y. 2009), *aff'd*, 392 F. Appx. 887 (2d Cir. 2010).

       On appeal, the Court of Appeals for the Second Circuit affirmed in part, vacated in part, and remanded. The Court of Appeals agreed with this Court that most of plaintiff's claims were barred by *res judicata*, but held that one particular claim–plaintiff's claim that defendant Hauza caused undue delay in granting a building permit for one of plaintiff's properties–had not previously been presented to this Court, and therefore was not barred. Stating, however, that plaintiff's claim against Hauza still had to be analyzed to determine whether it states a facially valid claim, the Court of

Appeals remanded the case to this Court for further proceedings to address that question. *Casciani v. Town of Webster*, No. 11-4372, 2012 WL 5416618, at *3 (2d Cir. Nov. 7, 2012).

On the same day that the Second Circuit issued its decision, plaintiff filed a motion in this Court for leave to amend his complaint "to further amplify how his rights were chilled under the First Amendment." Dkt. #57-2 at 1. Defendants do not oppose the motion, but only "to the extent it seeks to amend the very limited claims remaining in the action per the Second Circuit's Mandate." (Dkt. #62 at 4.)

The proposed amended complaint, which comprises 208 paragraphs spread out over 59 pages, contains many allegations concerning claims that have been dismissed by this Court, and the dismissal of which has been affirmed by the Second Circuit. The proposed amended complaint thus goes well beyond the scope of the issues remaining in this case pursuant to the Second Circuit's remand. The Court therefore directs plaintiff to submit a new proposed amended complaint, limited to the sole remaining claim against defendant Hauza, as set forth in the Conclusion of this Decision and Order.

I also note that prior to the Second Circuit's decision, defendants filed a motion for attorney's fees, based upon this Court's decision dismissing the complaint. In light of the Second Circuit's remand concerning the claim against Hauza, I deny the motion for attorney's fees without prejudice. Such a motion would be better addressed following the final disposition of all the claims in this case.

## CONCLUSION

Plaintiff is hereby directed to submit a new proposed amended complaint, limited to plaintiff's claim against defendant Hauza concerning the alleged delay in granting a building permit for one of plaintiff's properties. The proposed amended complaint must be submitted to the Court, and a copy served upon defendants, within twenty (20) days after the date of issuance of this

Decision and Order. Defendants shall file any objections or other response to the proposed amended complaint no later than twenty (20) days after their receipt of the proposed amended complaint.

Defendants' motion for attorney's fees (Dkt. # 39) is denied without prejudice.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       March 5, 2013.